

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. J. Crowe, Secretary
Texas State Board of Medical Examiners
918-19-20 Texas B nk Building
Dallas, Texas

Dear Sir:

Opinion No. 0-6638
Re: Limitations on the Texas
State Board of Medical
Examiners, relative to
the expenditure of funds
collected under the pro-
visions of the Texas Med-
ical Practice Act.

Your request for our opinion on the hereinabove
captioned matter has been received by this department. We
quote from your letter as follows:

"On numerous occasions this office has been
unable to effectively enforce the provisions of
the Texas Medical Practice Act, for the reason
that it has been contended by the Comptrollers
office that the board is not allowed to submit
for compensation amounts found necessary to devel-
op admissible evidence in a case, as witness fees,
photostats of evidence in the form of documents
and other similar in connection with the trial of
an offender, which means that on such occasions
the expense incident to such prosecutions must
be paid out of my personal funds, which in turn
means that up to this time my personal losses
have amounted to several hundred dollars.

"On several occasions I have taken up this
matter with members of your office personnel, but
without any definite solution of the problem, and
I'd like to have it settled definitely, one way
or the other, that I may in future know just how
far I am justified by the provisions of the An-
nual Registration Act to proceed in such cases.

Honorable T. J. Crowe, page 2

"I wrote the draft of the Registration Act,
the funds derived from which are provided by the
registered physicians of Texas for the purpose of
enforcement of it; and although the provisions of
the Act provide the board may spend up to the last
penny in the fund for the purposes mentioned there-
in, but no tax shall ever be imposed on the funds
of the state Treasurer collected for other pur-
poses.

"The money was deposited with the state Treas-
urer, vouchers to be passed through the comptrol-
lers office as a matter of safety, to prevent it
being used for other than the purpose of enforce-
ment of the law, the dissemination of information
intended to educate the public &c, and for this
service the state is paid between $300. to $500.
a year.

"What I now desire to have your opinion on
is what are the limitations of the board's use of
this fund, now around $20,000., if not for the
actual sums needed in connection with the prosecu-
tion of flagrant violations of the Act?  The Act
itself defines the limit as the last cent in the
fund, but no warrants shall be drawn on other funds
of the state to compensate for a deficiency of the
registration fund.

"Since I have some troublesome cases now on
hand, I'll thank you for an early and a definite
opinion on this matter."

Article 4498a, Vernon's Annotated Civil Statutes,
reads in part as follows:

"Sec. 1.  It shall be the duty of all per-
sons now lawfully qualified and engaged in the prac-
tice of medicine in this State as defined in Ar-
ticle 4510, Revised Statutes of 1925, or who shall
hereafter be licensed for such practice by the
Texas State Board of Medical Examiners, to be reg-
istered as such practitioners with the Texas State

Honorable T. J. Crowe, page 3

Board of Medical Examiners, on or before the 1st day of January, A. D. 1932, and thereafter to register in like manner annually, on or before the 1st day of January of each succeeding year. Each person so registering with the Texas State Board of Medical Examiners shall pay, in connection with each annual registration and for the receipt hereinafter provided for, a fee of Two ($2.00) Dollars, which fee shall accompany the application of every such person for such registration. Such payment shall be made to the Texas State Board of Medical Examiners. Every person so registering shall file with the Texas State Board of Medical Examiners a written application for annual registration, setting forth his full name, his age, his Post Office address, his place of residence, the county or counties in which his certificate entitling him to practice medicine has been registered, and the place or places where he is engaged inthe practice of medicine, as well as the school of medicine to which he professes to belong and the number and date of his license certificate.

". . . .

"Sec. 3. All annual registration fees collected by the Texas State Board of Medical Examiners under this Act shall be placed in the State Treasury, to the credit of a special fund to be known as the 'Medical Registration Fund,' and all of the current revenues to be derived and placed to the credit of said fund during the two years ending August 31, 1933, are hereby appropriated and shall be used by the Texas State Board of Medical Examiners, and under its direction, in the enforcement of the laws of this State prohibiting the unlawful practice of medicine, and in the dissemination of information to prevent the violation of such laws and to aid in the prosecution of those who violate such laws. The Texas State Board of Medical Examiners shall be authorized to employ and to compensate from such special fund employees and such other persons as may be found necessary

Honorable T. J. Crowe, page 4

to assist the local prosecuting officers of any
county in the enforcement of all the laws of the
State prohibiting the unlawful practice of medi-
cine, and to carry out the other purposes for which
said fund is hereby appropriated. Provided that
all such prosecutions shall be subject to the direc-
tion and control of the regularly and duly consti-
tuted officers, and nothing in this Act shall be
construed as depriving them of any authority vest-
ed in them by law.

"In performing the duties devolved by this
Act upon the Board of Medical Examiners, said
Board shall act through the Secretary-Treasurer
of the Board of Medical Examiners. The Secretary-
Treasurer shall receive a salary to be fixed by
the Legislature in its General Appropriation Bill
for the performance of such duties under this Act,
and shall make and file a surety bond in favor of
the Texas State Board of Medical Examiners in the
sum of not less than Ten Thousand ($10,000.00)
Dollars, conditioned that he will faithfully dis-
charge the duties of his office. Such salary
shall be paid out of said 'Medical Registration
Fund' and shall not be, in any way, a charge upon
the general revenue of the State. The Texas State
Board of Medical Examiners shall employ and pro-
vide such clerks and employees as may be neces-
sary to assist the Secretary-Treasurer in perform-
ing his duties and in carrying out the purposes of
this Act; provided, that the compensation of all
persons authorized to be employed under this chap-
ter, shall be paid only out of said 'Medical Reg-
istration Fund.' All disbursements from said fund
shall be made only upon written approval of the
President and Secretary-Treasurer of the State
Board of Medical Examiners and upon warrants drawn
by the Comptroller to be paid out of said fund."

We quote from House Bill No. 666, Acts of the 48th
Legislature, 1943, Regular Session, (which is the general ap-
propriation bill for the executive and administrative depart-
ments of the State Government), as follows:

Honorable T. J. Crowe, page 5

## "STATE BOARD OF MEDICAL EXAMINERS

| | | | |
|---|---|---|---|
| "1. | Secretary-Treasurer... | $ 3,300.00 | $ 3,300.00 |
| "2. | Secretary-Stenographer................. | 1,500.00 | 1,500.00 |
| "2a. | Stenographer........... | 1,200.00 | 1,200.00 |
| "3. | Investigator........... | 2,100.00 | 2,100.00 |
| "3a. | Investigator........... | 2,100.00 | 2,100.00 |
| "3b. | Temporary Help........ | 500.00 | 500.00 |
| "4. | Traveling Expenses, Secretary and Investigators ($900 each quarter)............... | 3,600.00 | 3,600.00 |
| "5. | Miscellaneous, Rent, Printing of Directory of Registered Physicians in Texas, Telephone, Telegraph, Stationery, Equipment and contingent expense ($637.50 each quarter)....... | 2,550.00 | 2,550.00 |
| "6. | Bonds for Employees... | 100.00 | 100.00 |
| | "Total | $16,950.00 | $16,950.00 |

"Subject to the limitations set forth in the provisions appearing at the end of this Act, the foregoing amounts are appropriated out of the Medical Registration Fund as provided by Chapter 37, General Laws, 42nd Legislature, Regular Session, and any amendments thereto, and all balances on hand at the end of a preceding fiscal year and all fees and receipts thereafter accruing in said fund are appropriated for the payment of the above

Honorable T. J. Crowe, page 6

items, provided expenditures shall never exceed
cash on hand. The sum of Three Hundred ($300.00)
Dollars each year is appropriated to the General
Fund for reimbursement of the costs of government-
al services rendered by other State agencies to
said Board, and the Comptroller is ordered to
transfer said amount each year."

This appropriation is for the two year period be-
ginning September 1, 1943, and ending August 31, 1945.

Opinion No. O-4222-A, written by this department,
reads in part as follows:

"Your attention is directed to the fact that
the Constitution of the State of Texas prohibits
money being withdrawn from the Treasury of the
State except pursuant to appropriation made by
the Legislature, and further provides that no ap-
propriation shall be made for a longer period than
two years. Constitution, Article VIII, Section 6.
Under these provisions, it follows that where the
Legislature has failed or refused to appropriate
moneys for expenditure for particular purposes,
the accounting offices of this State have no au-
thority to issue warrants upon the Treasury in
payment of expenditures made for such purposes."

In view of the foregoing, it is the opinion of this
department that the Texas State Board of Medical Examiners
can only make such expenditures out of the "Medical Registra-
tion Fund" as provided for by the above mentioned appropria-
tion bill. The Legislature did not make an appropriation for
the payment of the expenditures mentioned in your request,
and therefore it is our opinion that the Texas State Board
of Medical Examiners is not authorized to pay for photostatic
copies of documentary evidence, witness fees, and other ex-
penses of a similar nature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

J. C. Davis

J. C. Davis, Jr.
Assistant

APPROVED JUN 23 1945    By

APPROVED
OPINION
COMMITTEE